## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| ENRIQUE MONTANO, ) | |
| ) | Case No. 18-08834 |
| Debtor. ) | |

### NOTICE OF MOTION

**PLEASE TAKE NOTICE THAT** on July 20, 2018 at 9:30 a.m., I shall appear before the Honorable Judge Janet S. Baer, or before any other Judge who may be sitting in her stead, in Courtroom 240 of the Kane County Courthouse, 100 S. Third Street, Geneva, Illinois, and present this **MOTION TO DISMISS AND BAR DEBTOR FROM RE-FILING,** a copy of which is attached hereto.

Respectfully submitted,

Christopher E. Cannonito,
Attorney for Creditor, Richards
Building Supply Co.

Christopher E. Cannonito
CANNONITO ASSOCIATES, LTD.
12070 W. 159th Street
Homer Glen, Illinois 60491
T: (708) 614-6114
F: (773) 353-9518
Attorney No.:   6211416

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, certifies that she caused a copy of the foregoing **MOTION TO DISMISS AND BAR DEBTOR FROM RE-FILING** and **NOTICE OF MOTION**, thereof, to be served on the following parties as specified below via this Court's CM/ECF System and/or via first class mail, proper postage prepaid, on this 25th day of June, 2018:

### VIA ECF

*Attorney for Debtor, Enrique Montano*
Manuel A. Cardenas
Manuel A. Cardenas and Associates, P.C.
2057 North Western Avenue
Chicago, Illinois 60647
E-Mail: manuelantonio_cardenas@yahoo.com
E-Mail: mac.cardenaslaw@att.net

*Trustee, Glenn B. Sterns*
c/o Gerald Mylander
801 Warrenville Road, Suite 650
Lisle, Illinois 60532
E-Mail: mcguckin_m@lisle13.com

*U.S. Trustee,* Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street, Room 873
Chicago, Illinois 60604
E-Mail: USTPRegion11.ES.ECF@usdoj.gov

### VIA FIRST CLASS MAIL

Enrique Montano
640 Rance Road, #A
Oswego, Illinois 60543

_____
Tammy R. Milton, Legal Assistant

[X]   Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct.

Christopher E. Cannonito
CANNONITO ASSOCIATES, LTD.
12070 W. 159th Street
Homer Glen, Illinois 60491
T: (708) 614-6114
F: (773) 353-9518
Attorney No.:   6211416

2

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| ENRIQUE MONTANO, ) | |
| ) | Case No. 18-08834 |
| Debtor. ) | |

### MOTION TO DISMISS AND BAR DEBTOR FROM RE-FILING

NOW COMES the Creditor, RICHARDS BUILDING SUPPLY CO. ("Creditor"), by and through its attorneys, CANNONITO ASSOCIATES, LTD., and hereby moves this Honorable Court to dismiss the bankruptcy of ENRIQUE MONTANO ("Debtor") and bar the Debtor from re-filing. In support thereof, Creditor states as follows:

1. On February 6, 2014, Enrique Montano executed a personal guaranty as part of a credit application and agreement with Creditor. See attached Exhibit A, incorporated herein by reference.

2. On November 3, 2014, Creditor filed suit for breach of contract against Debtor in a matter pending before the Sixteenth Judicial Circuit captioned *Richards Building Supply Co. v. Montanos Roofing Company a/k/a Montanos Roofing, et al.*, Case No. 14 CH 1494 ("Kane County Matter"). See attached Exhibit B, incorporated herein by reference.

3. On July 17, 2015, the Debtor filed a Chapter 13 Petition which was assigned the case number 15-24450 (the "First Bankruptcy"). The First Bankruptcy was dismissed on April 20, 2016 (lasting 279 days) for the Debtor's failure to make the required plan payments of $600.00 per month. The Debtor was delinquent for 4 of the 9 monthly payments totaling $2,400.00.

4. On November 15, 2016, Judgment in the amount of $4,107.66 was entered against the Debtor and in favor of the Plaintiff in the Kane County Matter, Case No. 14 CH 1494. See attached Exhibit C, incorporated herein by reference.

5. On December 13, 2016, the Debtor filed his second Chapter 13 Petition which was assigned the case number 16-39194 (the "Second Bankruptcy"). The Second Bankruptcy was dismissed on February 17, 2017 (lasting 67 days) for the Debtor's failure to appear at his 341 Meeting of Creditors as well as his failure make the required plan payments.

6. On October 3, 2017, the Debtor filed his third Chapter 13 Petition, which was assigned the case number 17-29620 (the "Third Bankruptcy"). The Third Bankruptcy was dismissed on February 2, 2018 (lasting 123 days) for the Debtor's failure to file required documents as well as his failure make the required plan payments.

7. On March 27, 2018, the Debtor filed his fourth Chapter 13 Petition, which is the instant matter (the "Fourth Bankruptcy"). The Fourth Bankruptcy was filed within fifty-four (54) days of the Third Bankruptcy's dismissal.

8. The Debtor has filed four (4) bankruptcy petitions back-to-back and in bad faith. Comparing the schedules filed in all four of his bankruptcies, the Debtor's financial situation has worsened since the First and Second Bankruptcy, which concerns the Creditor about the feasibility of the Plan and also leads the Creditor to believe that this is merely a delay tactic to halt the Creditor's collection of the Judgment award in the Kane County Matter, as well as to delay the other creditors' collection efforts.

Chapter 13          Case No. 18-08834          Filed March 27, 2018
- Schedule I          $3,900.00
- Schedule J          $3,464.76
- Disposable Income   $435.24

Chapter 13          Case No. 17-29620          Filed October 3, 2017
- Schedule I          $3,683.33
- Schedule J          $3,283.33
- Disposable Income   $400.00

2

| | | | |
|---|---|---|---|
| Chapter 13 | Case No. 16-39194 | | Filed December 13, 2016 |
| • Schedule I | $4,116.67 | | |
| • Schedule J | $3,616.67 | | |
| • Disposable Income | $500.00 | | |

| | | | |
|---|---|---|---|
| Chapter 13 | Case No. 15-24450 | | Filed July 17, 2015 |
| • Schedule I | $4,766.67 | | |
| • Schedule J | $4,166.67 | | |
| • Disposable Income | $600.00 | | |

9.    Further, the Debtor's bad faith is evident by his failure to conduct his regularly scheduled Section 341 Creditor Meeting (Second Bankruptcy), by failing to file required documents (Third Bankruptcy) and commence making timely plan payments (First, Second and Third Bankruptcy) and his failure to comply with the Bankruptcy Code by causing unreasonable delay which is prejudicial to creditors. (*See*, Docket Entry 35 dated April 29, 2016, Case No. 15-24450 - First Bankruptcy) (*See also*, Docket Entry 24 dated February 17, 2017, Case No. 16-39194 - Second Bankruptcy) (*See also*, Docket Entry 29 dated February 2, 2018, Case No. 17-29620 - Third Bankruptcy).

10.    The law is clear (11 U.S.C. §109(g)(1)) that the Debtor is not entitled to file this instant matter because he was a debtor in a case in the preceding 180 days and the case was dismissed by the court for failure to appear before the court in proper prosecution of the case, *e.g.* Debtor's failure to appear at his scheduled Section 341 Creditor Meeting in the Second Bankruptcy.

>   (g)    Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>
>   (1)    the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case.

11 U.S.C. §109(g)(1)

11.    It is also worth noting that in the Second Bankruptcy, the Debtor received an Order extending the Automatic Stay, **except** as to the Creditor (*See* Docket Entry 19 dated

3

January 6, 2017, Case No. 16-39194). Shortly thereafter, Debtor's bankruptcy was dismissed on February 17, 2017.

12. Pursuant to 11 U.S.C. § 362(c)(3)(A), if a debtor files a Chapter 13 bankruptcy case, which is then dismissed, and then within one-year files another Chapter 13 bankruptcy case, the automatic stay terminates with respect to the debtor on the 30th day after the filing of the later case.

> (c) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;
>
> > (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
> >
> > > (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case.

11 U.S.C. § 362(c)(3)(A)

13. Furthermore, pursuant to 11 U.S.C. § 362(c)(3)(C)(ii), the stay is not imposed as to the Creditor because the stay was previously terminated in the Second Bankruptcy.

> > (c) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)—
> >
> > \*\*\*
> >
> > > (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor.

11 U.S.C. § 362(c)(3)(C)(ii)

13. The Creditor strongly believes that the Debtor is engaged in a pattern of abuse of the Bankruptcy system solely for his benefit and to unjustly delay the creditors from pursuing their claims against him.

14. In the alternative of dismissal, the Creditor is asking this Court to bar the Debtor from the re-filing of a Chapter 13 or 7 case should this instant matter be dismissed in the future, so that the Creditor can pursue collection of the Judgment without further delay.

WHEREFORE, Plaintiff, RICHARDS BUILDING SUPPLY CO., prays that this Honorable Court enter an Order dismissing this matter, or, in the alternative, bar the Debtor for re-filing of a Chapter 13 or 7 case for a set amount of time, and for such further and other relief as the Court deems just and proper.

Respectfully submitted,

Christopher E. Cannonito,
Attorney for Creditor, Richards Building Supply Co.

Christopher E. Cannonito
CANNONITO ASSOCIATES, LTD.
12070 W. 159th Street
Homer Glen, Illinois 60491
T: (708) 614-6114
F: (773) 353-9518
Attorney No.: 6211416

5